**FILED**

**4:04 pm, 6/6/25**

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

_____

STATE OF WYOMING, *et al.*,

      Petitioners,

  vs.

UNITED STATES DEPARTMENT OF
THE INTERIOR SECRETARY in his
official capacity a/k/a Doug Burgum;
UNITED STATES DEPARTMENT OF
INTERIOR; UNITED STATES
BUREAU OF LAND MANAGEMENT
WYOMING STATE DIRECTOR in his
official capacity a/k/a Andrew Archuleta;
UNITED STATES BUREAU OF LAND
MANAGEMENT MONTANA-
DAKOTAS STATE DIRECTOR in her
official capacity a/k/a Sonya Germann;
UNITED STATES BUREAU OF LAND
MANAGEMENT DIRECTOR in her
official capacity a/k/a Tracy Stone-
Manning; UNITED STATES BUREAU
OF LAND MANAGEMENT,

      Federal Respondents;

And,

NORTHERN CHEYENNE TRIBE;
CENTER FOR BIOLOGICAL
DIVERSITY; DINÉ CITIZENS
AGAINST RUINING OUR
ENVIRONMENT; MONTANA
ENVIRONMENTAL INFORMATION
CENTER; NORTHERN PLAINS
RESOURCE COUNCIL; SIERRA
CLUB; To NIZHÉNÍ ÁNÍ; WESTERN
ORGANIZATION OF RESOURCE

Case No.  1:24-CV-00257-SWS

COUNCILS; and WILDEARTH
GUARDIANS,

    Proposed Intervenor-Respondents.

---

### ORDER GRANTING PROPOSED INTERVENOR-RESPONDENTS' MOTION TO INTERVENE

This matter is before the Court on the Northern Cheyenne Tribe, Northern Plains Resource Council, Western Organization of Resource Councils, Montana Environmental Information Center, Diné Citizens Against Ruining Our Environment, Tó Nizhóní Ání, Center for Biological Diversity, Sierra Club, and WildEarth Guardians ("Proposed Intervenor-Respondents") *Motion to Intervene* (the "*Motion*"). ECF No. 22. After reviewing the *Motion*, Petitioners' *Memorandum in Opposition to Motion to Intervene* [ECF No. 43], *Proposed Intervenor-Respondents' Reply in Support of Motion to Intervene* [ECF No. 48], the applicable law, and being otherwise fully advised, the Court finds that the *Motion* should be **GRANTED**.

On December 11, 2024, Petitioners filed a Petition to halt the federal moratorium on coal leasing in the Powder River Basin. ECF No. 1 at 2. On February 20, 2025, Proposed Intervenor-Respondents filed a *Motion to Intervene*. ECF No. 22. Proposed Intervenor-Respondents seek intervention as of right, but also permissive intervention in the alternative. ECF No. 22 at 3. Federal Respondents do not oppose Proposed Intervenor-Respondents *Motion*. *Id.* at 2. Petitioners oppose intervention. ECF No. 43.

### BACKGROUND

The Powder River Basin in eastern Montana and Wyoming contains some of the largest undeveloped coal reserves in the world and accounts for over 40% of U.S. coal

2

production, along with significant oil and gas resources. ECF No. 22-1 at 1-2. Much of this development occurs on federal lands managed by the Bureau of Land Management (BLM), particularly through the Miles City Field Office (MCFO) in Montana and the Buffalo Field Office (BFO) in Wyoming. ECF No. 22-1 at 2.

In 2015, BLM amended its Resource Management Plans (RMPs) for the MCFO and BFO to allow continued fossil fuel development. *Id.* Environmental organizations, including Proposed Intervenor-Respondents, challenged the plans, arguing that the BLM had failed to look at the indirect impacts of combustion emissions, failed to consider greenhouse gas emissions, and failed to look at the cumulative impacts of the policy. ECF No. 1 at 16-17. In 2018, the U.S. District Court for the District of Montana held that BLM violated the National Environmental Policy Act (NEPA) by failing to consider alternatives, underestimating methane emissions, and omitting analysis of downstream impacts. *Id.* at 17; *W. Org. of Res. Councils v. BLM*, No. 16-CV-21, 2018 WL 1475470 (D. Mont. Mar. 26, 2018).

On remand, BLM issued final supplemental environmental impact statements (SEISs) and amended RMPs. ECF No. 22-1 at 3. The same environmental organizations challenged the agency's actions again, and in 2022, the court found that BLM had not remedied the NEPA violations. *Id.* The court concluded that BLM failed to consider alternatives reducing coal leasing and did not analyze downstream public health impacts. *Id. W. Org. of Res. Councils v. BLM*, No. 16-CV-21, 2018 WL 1475470, at *4 (D. Mont. Mar. 26, 2018). The court also held that BLM must incorporate its statutory obligations under the Federal Land Policy and Management Act (FLPMA), including consideration of

future generations and the authority to exclude coal deposits from leasing to protect other resources. *Id.* The RMPs were again remanded. *Id.*

BLM issued revised draft SEISs in May 2023, which included no-leasing and limited-leasing alternatives and disclosed downstream health impacts. *Id.* In May 2024, BLM finalized the SEISs and proposed RMP amendments, selecting the no-leasing alternative. *Id.* at 6. Under this decision, BLM will not accept new coal lease applications, though existing leases remain in effect. *Id.* BLM finalized the decisions on November 20, 2024, following resolution of protests by state and industry stakeholders. *Id.*

On December 11, 2024, Petitioners filed a petition for review challenging the amended RMPs. ECF No. 1. If granted, the prior RMPs—previously found unlawful—would be reinstated.

## RELEVANT LAW

Federal Rule of Civil Procedure 24(a)(2) governs intervention as a matter of right, and a court must permit intervention as to any party who files a timely motion claiming "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protects its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). The Tenth Circuit "has historically taken a 'liberal' approach to intervention" and has distilled Rule 24(a)(2) into four elements that, if shown, support a party's request to intervene as of right:

> (1) the application is timely; (2) the applicants claim an interest relating to the property or transaction which is the subject of the action; (3) the

4

applicants' interest may as a practical matter be impaired or impeded; and (4) the applicants' interest is not adequately represented by existing parties.

*Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (brackets omitted);

*Elliot Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005) (citation omitted).

Rule 24 also provides for permissive intervention. "On timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). "'Unlike Rule 24(a), which governs mandatory intervention, Rule 24(b) specifically vests discretion in district courts to consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Payne v. Tri-State Careflight, LLC*, 322 F.R.D. 647, 663 (D.N.M. 2017). "'In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *Kane Cnty., Utah v. U.S.*, 597 F.3d 1129, 1135 (10th Cir. 2010) (quoting FED. R. CIV. P. 24(b)(3)).

As apparent in the language of Rule 24(b)(1)(B), the analysis of granting permission to intervene is two-fold. First, the motion must be timely. Timeliness is determined "in light of all of the circumstances." *Oklahoma ex rel. Edmondson v. Tysons Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010). These circumstances may include "the length of time since the applicant knew of [their] interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (quoting *Sanguine, Ltd v. United*

*States Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984) (analyzing the timeliness of a motion to intervene in the context of intervention as of right)). The timeliness analysis is contextual and is not solely a measure of absolute time between the filing of the suit and the motion to intervene or to punish the intervenor, but a tool to protect the original parties. *Id.* A court should not prohibit intervention based on timeliness when there is little harm to the existing parties and greater justice will result. *Id.* Importantly, this analysis must focus on the prejudice caused by delay, not intervention itself. *Id.*

Second, the claim must present a claim or defense that shares a common question of law or fact with the existing action. FED. R. CIV. P. 24(b)(1)(B). This is a requirement shared with many other rules and is not a difficult concept to apply. 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1911 (3d ed. April 2025 update). However, "a filing that 'substantially mirror[s] the positions advanced' by one of the parties [does not] necessarily identif[y] a common question of law or fact." *Kirsch v. Dean*, 733 Fed. Appx. 268, 279 (6th Cir. 2018) (quoting *Bay Mills Indian Cmty. v. Snyder*, 730 Fed. Appx. 754, 757–58 (6th Cir. 2018)) (first alteration in original). "[A] proposed intervenor may not inject itself into a lawsuit under Rule 24(b) where … it has no interest in a factual or legal dispute between the parties, but instead is merely concerned that the resolution of the parties' claims might have collateral consequences for the proposed intervenor's independent interests." *Id.*

## RULING OF THE COURT

1. **Proposed Intervenor-Respondents Motion to intervene is granted as a matter of right.**

*A.    Proposed Intervenor-Respondents' Motion is timely.*

The Court first considers whether the present motion to intervene is timely. "The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001). This factor weighs the prejudice to other parties caused by the intervenor's delay in seeking intervention. Therefore, the prejudice the Court considers is that "caused by the intervenors' delay—not by the intervention itself." *Id.* at 1251. "[D]elay in itself does not make a request for intervention untimely," and "[t]he other factors in the test for untimeliness must also be considered." *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1235 (10th Cir. 2010).

Proposed Intervenor-Respondents assert that their response is timely, pointing to the lack of substantive developments in the case when they filed the Motion. ECF No. 22-1 at 7. The Court concurs. Proposed Intervenor-Respondents filed the Motion to intervene before any response was required from the Respondents, and no discovery or other major motions practice occurred. Therefore, "in light of all of the circumstances," and in this Court's discretion, the timeliness standard is met. *Okla. ex rel. Edmondson*, 619 F.3d at 1232.

B. *Proposed Intervenor-Respondents have an interest in property or a transaction at issue in this action.*

Under Rule 24(a), Proposed Intervenor-Respondents must next show an interest "relating to the property or transaction" in this case. FED. R. CIV. P. 24(a). "The contours of the interest requirement have not been clearly defined," but the Tenth Circuit requires "[the] interest in the proceedings be 'direct, substantial, and legally protectable.'" *Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (citations omitted). "A protectable interest is one that would be impeded by the disposition of the action." *Zinke*, 877 F.3d at 1165.

"With respect to Rule 24(a)(2), [the 10th Circuit has] declared it indisputable that a prospective intervenor's environmental concern is a legally protectable interest." *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010). This interest is demonstrably stronger where, as here, the conservation groups have a "record of advocacy" for the protection of public lands and "a demonstrated concern for the damage to public lands caused by oil and gas development. *Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1165 (10th Cir. 2017). Further, "the conservation groups also have an interest in preserving the Leasing Reform Policy that they spent years negotiating and litigating." *Id.*

Proposed Intervenor-Respondents argue that they have environmental and organizational concerns that constitute legally protectable interests in this case. ECF No. 22-1 at 6. The Court agrees. Proposed Intervenor-Respondents have an interest in the

litigation and the judgment that is direct, substantial, and legally protectable and "relates to the property or transaction which is the subject of the action." FED. R. CIV. P. 24(a).

  *C.*  *Disposing of the action will, as a practical matter, impair or impede Proposed Intervenor-Respondents' ability to protect its asserted interest.*

  Rule 24(a)(2) also requires a proposed intervenor to demonstrate that the disposition of this action may as a practical matter impair or impede their ability to protect their interest. The Tenth Circuit notes "the question of impairment is not separate from the question of existence of an interest." *Natural Res. Def. Council v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir.1978). Moreover, "the Rule refers to impairment 'as a practical matter.' Thus, the court is not limited to consequences of a strictly legal nature." *Id.* "'To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal.'" *Clinton*, 255 F.3d at 1253 (quoting *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir.1999)).

  As Proposed Intervenor-Respondents argue, vacating the 2024 RMPs would be harmful to their asserted interest because it would reinstate the prior rules and regulations they successful challenged previously. ECF No. 22-1 at 8. Not only are Proposed Intervenor-Respondents' environmental interests tied to the outcome of this case, but their financial interests are also. A return to the prior RMPs would require Proposed Intervenor-Respondents to relitigate the cases they previously won to protect their stated interests. The Court therefore finds that Proposed Intervenor-Respondents have demonstrated that the disposition of this action will adversely affect their capacity to safeguard their interests.

*D.    Proposed Intervenor-Respondents have shown their asserted interest is not adequately protected by the existing parties.*

Under Rule 24(a)(2), Proposed Intervenor-Respondents must demonstrate that their asserted interest is not adequately represented in the litigation. The burden of showing inadequate representation is "minimal." *Zinke*, 877 F.3d at 1168. Accordingly, "the possibility of divergence of interest need not be great in order" for the intervenors to satisfy this element. *Id.*

The Tenth Circuit "ha[s] repeatedly recognized that it is 'on its face impossible' for a government agency to carry the task of protecting the public's interests and the private interests of a prospective intervenor." *WildEarth Guardians*, 604 F.3d at 1200 (citation and quotations omitted). As argued by Proposed Intervenor-Respondents, the RMPs now being challenged by the Petitioners were hard won and not freely adopted by the Federal Respondents. ECF No. 22-1 at 9 ("Federal Respondents adopted the challenged RMP's only after they were successfully sued by the conservation organizations twice[.]"). Further, as here, where the extent or degree of the Federal Respondents efforts to defend the agency's challenged actions differs from that of the Proposed Intervenor-Respondents, the Court concludes that Proposed Intervenor-Respondents have met the minimal burden required to show that existing parties cannot adequately protect their asserted interest.

*E.    Proposed Intervenor-Respondents do not need to demonstrate Article III standing to intervene in this litigation.*

Petitioners' primary argument in opposition to the *Motion* is that Proposed Intervenor-Respondents lack Article III standing to intervene in this litigation. ECF No. 43 at 1 As they correctly point out, Article III standing must be demonstrated when an

intervenor of right "seeks additional relief beyond that which the [original party] requests." *Id.* (citing *Town of Chester v. Laroe Ests.*, Inc., 581 U.S. 433, 439 (2017)). To date, Proposed Intervenor-Respondents have not filed anything with the Court that states or suggests that they seek relief beyond or in addition to what the Federal Respondents presumably request—namely to maintain the current RMPs. Furthermore, the Court agrees with Proposed Intervenor-Respondents' reply that Petitioners mistakenly equate or conflate "relief" and "interests" for purposes of determining whether an independent demonstration of standing is required.  See, *Kane Cnty., Utah v. United States*, 94 F.4th 1017, 1030 (10th Cir. 2024).  Here, the Court finds that Proposed Intervenor-Respondents need not demonstrate independent Article III standing in order to intervene as of right.

CONCLUSION

Proposed Intervenor-Respondents' *Motion to Intervene* satisfies the standards of Rule 24(a) for intervention as a matter of right.

NOW, THEREFORE, IT IS ORDERED Proposed Intervenor-Respondents' Motion to Intervene is GRANTED.[1]

IT IS FURTHER ORDERED the Clerk of Court shall amend the caption in this case identifying Northern Cheyenne Tribe, Northern Plains Resource Council, Western Organization of Resource Councils, Montana Environmental Information Center, Diné

---

[1] Even if Proposed-Intervenor Respondents did not satisfy the test to allow intervention as of right, this Court would grant the *Motion* as to permissive intervention. Rule 24(b) allows for permissive intervention when (1) the motion to intervene is timely made; (2) the movant's claim or defense and the underlying action share a common question of law or fact; and (3) where intervention will not cause undue prejudice or delay to any of the existing parties. FED. R. CIV. P. 24(b). Here, the dispositive issues before the Court, as discussed above, are that (1) Proposed Intervenor-Respondents timely filed their *Motion*; (2) Proposed Intervenor-Respondents have demonstrated that they share common questions of fact and law; and (3) the delay and prejudice factors are negligible. That alone is enough for this Court, in its discretion, to grant the *Motion* as to permissive intervention.

Citizens Against Ruining Our Environment, Tó Nizhóní Ání, Center for Biological Diversity, Sierra Club, and WildEarth Guardians as Intervenor-Defendants in this action.

Dated this <u>6th</u> day of June, 2025.

Scott P. Klosterman
United States Magistrate Judge